UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**REGINALD T MORRIS #1077432**      CASE NO.  6:19-CV-00345 SEC P

**VERSUS**      JUDGE JUNEAU

**LAFAYETTE PARISH**      MAGISTRATE JUDGE WHITEHURST
**CORRECTIONAL CENTER ET AL**

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Reginald T. Morris, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 18, 2019. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and was incarcerated at the Lafayette Parish Correctional Center (LPCC) at the time of his filing. He complains that LPCC did not provide a safe environment by having "non medical inmates" housed with "classified inmates." He has brought suit against LPCC and Deputy Donnie McDaniels.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reason it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

## *Background*

Plaintiff alleges that on March 8, 2019, he was attacked by a fellow inmate, causing him to fall and injure his knee. He contends that LPCC did not provide a safe environment by having "non medical inmates" housed with "classified inmates." [Rec. Doc. 1, p. 3] Plaintiff, a 60 year old man, was classified as "medical" and assigned to Unit 5A and blames the altercation on the fact that a non medical inmate was housed with the injured. He alleges that security was "aware of the situation with non medical inmate housed in the medical unit" and that Deputy McDaniels was not around to stop the altercation. *Id*. at p. 5.

## *Law and Analysis*

### 1. **Frivolity Review**

Morris has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of

facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. Juridical Person

Plaintiff has named LPCC as a defendant. However, Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether LPCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

LPCC is not an entity capable of being sued. LPCC is a parish corrections facility operated by the Sheriff of Lafayette Parish. *Piearson v. Corr. Ctr. Lafayette Parish*, 2006 U.S. Dist. LEXIS 95214, 2006 WL 4012476 (*citing* La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; *Langley v. City of Monroe*, 582 So.2d 367 (La.App.2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the

physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.) Accordingly, plaintiff's claims against this non-juridical entity are frivolous and dismissal on that basis is recommended.

### 3. Classification of Inmates/Transfer

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. West v. Atkins, 108 S.Ct. 2250, 2254–55 (1988).

There is no constitutional right to receive a certain classification while incarcerated. *Meachum v. Fano*, 427 U.S. 215 (1976). Inmates have neither a constitutionally protected property nor liberty interest in custodial classification *Mikeska v. Collins*, 900 F.2d 833, 836 (5th Cir. 1990), *citing Moody v. Baker*, 857 F.2d 256 (5th Cir. 1988), *cert. denied*, 488 U.S. 985 (1988); *Harper v. Showers*, 174 F.3d at 719, *citing Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). The classification of inmates is an administrative function of the prison. The Constitution requires that

4

the prison administration act reasonably in placing inmates within the prison. *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981) (en banc); cert. *dismissed, sub nom*, 453 U.S. 950 (1981), *overruled on other grounds, Int'l Woodworkers Of America, AFL-CIO v. Champion Int'l Corp*., 790 F.2d 1174 (5th Cir. 1986) (overruling only of the method used to calculate expert witness fees). The federal courts will not interfere with this administration without a constitutional violation. *Bell v. Wolfish*, 441 U.S. 520, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions.

As there is no constitutional right to receive a certain classification while incarcerated, Morris' claim regarding classification fails for lack of a constitutionally protected interest.

### 4. Duty to Protect

To the extent that Morris alleges that the Deputy McDaniels failed to protect him, that claim also fails. Morris was a pretrial detainee at the time of the incident on

which he bases this claim. In *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996), the Fifth Circuit held that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including . . . protection from harm, during their confinement." *Id*. at 650. Thus, regardless whether the inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for an episodic act or omission of jail officials that exposes an inmate to being harmed by another inmate, such as that alleged by Morris in this case. *Hamilton v. Lyons*, 74 F.3d 99, 104 n.3 (5th Cir. 1996); *Hare*, 74 F.3d at 650. Here, nothing more than an episodic act or omission of a jail official has been alleged. Although plaintiff alleges that he was exposed to harm by a prison official's act or omission, specifically, Deputy McDaniels not being around to stop the altercation, he fails to state a claim of violation of his constitutional rights cognizable under Section 1983.

Prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Hare*, 74 F.3d at 650. The Eighth Amendment standard enunciated in *Farmer* applies to a prisoner's claim that prison officials failed to protect him from harm inflicted by other inmates. Thus, prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent

6

to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834; *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).

Only deliberate indifference, "an unnecessary and wanton infliction of pain or acts repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97 (1976); *accord Gregg v. Georgia*, 428 U.S. 153 (1976). "Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. An inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id*. at 834 (quotation omitted).

Further, plaintiff must establish that defendants possessed a culpable state of mind. *Id*. (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837; *accord Newton*, 133 F.3d at 308. "Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent

to cause harm." *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). If the court finds that one of the components of the test is not met, it need not address the other component. *Davis*, 157 F.3d at 1005.

The Supreme Court has reaffirmed that "deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. . . . The "deliberate indifference" standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]." *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (*citing Board of County Comm'rs v. Brown*, 520 U.S. 397, 410 (1997) (additional citations and footnote omitted) (emphasis added). "'Subjective recklessness,' as used in the criminal law, is the appropriate test for deliberate indifference." *Norton*, 122 F.3d at 291.

Nothing in plaintiff's complaint suggests that the defendants, or anyone else, were guilty of deliberate indifference with regard to the unanticipated assault. Nothing suggests that anyone was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; nothing suggests that anyone actually drew such an inference. Additionally, in considering whether defendants have failed to protect an inmate, Courts must look to whether there was a "substantial" or "pervasive" risk of harm preceding the assault. A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incident as

is the case here. *See e.g. Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir.1992) (holding a "pervasive risk" is something more than a single incident and something less than a riot). Here plaintiff alleged no facts to suggest that the attack on him was at all foreseeable. Therefore, to the extent plaintiff alleges a claim of failure to protect, he fails to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from**

**attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 20th day of May, 2019.

**Carol B. Whitehurst
United States Magistrate Judge**